IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MELISSA EDWARDS                                                                                    PLAINTIFF

v.                                          Case No. 4:21-cv-4085

AHMAD JABER; F&T TRANSPORT
CORP; MNN DEVELOPMENT, INC.;
GEORGE TBR, INC.                                                                                 DEFENDANTS

## ORDER

Before the Court is Defendants' Second Motion to Compel. ECF No. 28. Plaintiff has not responded. The Court finds the matter ripe for consideration.

Plaintiff brought claims of negligence against Defendants for a December 13, 2018 vehicle accident. ECF No. 3. Defendants previously filed a Motion to Compel seeking Plaintiff's cell phone records for the day of the accident. ECF No. 19. Plaintiff responded in opposition, stating that she would authorize the release of the cell records for the time period requested and that the Court did not need to compel its production. ECF No. 21. The Court found the motion to compel moot in light of Plaintiff's willingness to voluntarily authorize the release of her cell phone records. ECF No. 23.

In the instant motion, Defendants state that multiple attempts to obtain Plaintiff's cell phone records for the day of incident have failed. Defendants state that Plaintiff has provided cell phone records release authorizations for three different cell phone numbers. However, each records release authorization for each phone number provided by Plaintiff has resulted in the cell phone carrier, U.S. Cellular, responding that the provided number is not associated with any account during the requested timeframe. ECF Nos. 28-7, 28-10, and 28-13. Defendants have yet to obtain Plaintiff's cell phone records from the day of the incident through authorization or

subpoena because they have not received the correct cell phone number that Plaintiff used the day of the incident. Defendants state that they have relayed the responses from U.S. Cellular to Plaintiff's counsel and informed Plaintiff's counsel that they would move to compel production of the correct cell phone number. ECF No. 28-14. Therefore, Defendants seek to have the Court compel Plaintiff to produce the cell phone number that she used on the day of the accident. Defendants also seek costs and attorney's fees incurred in preparing the instant motion. Plaintiff has not responded to the instant motion or disputed Defendants' assertions.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Parties that have responded to discovery requests must make a timely supplement to any disclosure if they learn that any initial disclosure was materially incomplete or incorrect. *See* Fed. R. Civ. P. 26(e)(1)(A). On notice to other parties, a party may move for a court order to compel requested discovery. Fed. R. Civ. P. 37(a)(1). Such a motion may be made to compel an answer to an interrogatory or to compel a response to a request for production. Fed. R. Civ. P. 37(a)(3)(A)-(B).

The Court finds that the instant motion should be granted. The Court's prior order mooting Defendants' initial request to compel production of cell phone records determined that the information was discoverable. However, the Court anticipated that Plaintiff's willingness to authorize release of her cell phone records would resolve this issue. As Defendants have demonstrated, Plaintiff has failed to provide the information necessary to allow Defendants access to Plaintiff's cell phone records on the day of the accident. The Court now finds it necessary to compel Plaintiff to provide the cell phone number used at the time of the accident underlying her claims.

For the reasons stated above, the Court finds that Defendants' Second Motion to Compel (ECF No. 28) should be and hereby is **GRANTED**. Accordingly, Plaintiff is hereby **COMPELLED** to provide Defendants with the cell phone number used by Plaintiff at the time of the accident underlying Plaintiff's claims. Plaintiff shall provide this information within ten (10) days of the date of this order. Defendants' request for attorney's fees and costs is **DENIED**.

**IT IS SO ORDERED**, this 3rd day of November, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge