IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MELISSA EDWARDS                                                                                            PLAINTIFF

v.                                              Case No. 4:21-cv-4085

AHMAD JABER; F&T TRANSPORT
CORP; MNN DEVELOPMENT, INC.;
GEORGE TBR, INC.                                                                                           DEFENDANTS

## ORDER

Before the Court is Defendants' Motion for Sanctions. ECF No. 32. Plaintiff has responded. ECF No. 34. Defendants have replied. ECF No. 37. Plaintiff has filed a sur-reply. ECF No. 43. The Court finds the matter ripe for consideration.

### I. BACKGROUND

Plaintiff initially filed her complaint in the Sevier County, Arkansas Circuit Court on October 21, 2021. ECF No. 3. Defendants subsequently removed the suit to this Court, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). ECF No. 1. Plaintiff brings claims of negligence against Defendants related to a December 13, 2018 vehicle accident. ECF No. 3.

On April 8, 2022, Defendants propounded interrogatories and requests for production on Plaintiff. ECF No. 19, p. 2. Plaintiff's response objected to certain interrogatories and requests for production related to Plaintiff's cell phone records and the factual basis of her claims against Defendants MNN Development, Inc. and George TBR, Inc. ECF No. 19-1. On June 8, 2022, counsel for Defendants requested that Plaintiff supplement what Defendants considered incomplete and unsatisfactory responses regarding her cell phone records and the basis of her claims. ECF No. 19-3. On June 13, 2022, Plaintiff's counsel responded, reiterating her prior objections. ECF No. 19-4.

On July 7, 2022, Defendants filed their initial motion to compel, arguing that Plaintiff has failed to sufficiently comply with appropriate interrogatories and requests for production of documents. ECF No. 19. Plaintiff's response to the initial motion to compel asserted that Plaintiff would comply with Defendants' request for her cell phone records for the time of the accident by executing a records release

authorization with her cell phone carrier.  ECF No. 21.  The Court denied the initial motion to compel as moot because Plaintiff stated that she would permit Defendants to have her cell phone records and no order to compel production seemed necessary.  ECF No. 23.

On October 12, 2022, Defendants filed a Second Motion to Compel Discovery.  ECF No. 28.  In the renewed motion to compel, Defendants explained that they had attempted to confer with Plaintiff's counsel regarding an executed authorization for the cell phone records.  ECF Nos. 28-1; 28-2; 28-3.  Those communications eventually resulted in Plaintiff's counsel agreeing to allow Defendants to subpoena Plaintiff's cell records because counsel had difficulty securing the records release authorization from Plaintiff.  ECF No. 28-4.  Plaintiff's counsel provided Defendants with a phone carrier name, account holder name, and phone number, 580-798-8717, for the subpoena.  ECF No. 28-5.  Defendants issued a subpoena to U.S. Cellular with the information provided by Plaintiff's counsel (ECF No. 28-6), but U.S. Cellular responded by advising that the phone number was not associated with any account during the requested period (ECF No. 28-7).  Counsel for Defendants relayed this response to Plaintiff's counsel, who responded by providing a different phone number, 580-224-1395.  ECF No. 28-8.  Defendants issued a second subpoena to U.S. Cellular using the second phone number (ECF No. 28-9), but U.S. Cellular again responded that the second number was not associated with any accounts for the relevant time period (ECF No. 28-10).  This process repeated for a third time with a third phone number, 580-229-1392.  ECF Nos. 28-11; 28-12; 28-13.  Defendants informed Plaintiff's counsel of the third failure and advised that they would file the second motion to compel the production of the cell phone records.

On October 14, 2022, after the second motion to compel was filed, counsel for Plaintiff contacted counsel for Defendants regarding the cell phone records.  ECF No. 32-2.  Plaintiff's counsel stated that he was now aware that two of the phone numbers he forwarded were associated with Verizon Wireless and AT&T.  Counsel for Defendants requested that the correct number and carrier at the time of the incident be identified with certainty before they issued a fourth subpoena (ECF No. 32-3), and Plaintiff's counsel indicated that the initial number provided, 580-798-8717, was the correct number and asserted that it was associated with Verizon Wireless (ECF No. 32-4).  Defendants subsequently issued a fourth subpoena to

Verizon Wireless with the number provided by Plaintiff's counsel. ECF No. 32-5. Plaintiff never responded to the second motion to compel discovery.

On November 3, 2022, the Court issued its order granting Defendants' second motion to compel discovery. ECF No. 29. The Court ordered that Plaintiff provide Defendants with the information necessary for them to obtain her cell phone records within ten days of the date of that order. Verizon Wireless subsequently responded to Defendants' subpoena on November 15, 2022, indicating that they had no records associated with that number at the relevant time period. ECF No. 32-6. Counsel for Defendants informed Plaintiff's counsel of this response from Verizon Wireless and sought a solution for the issue other than seeking redress with the Court. ECF No. 32-7. Plaintiff's counsel indicated that Plaintiff had remembered her correct cell phone for the relevant time period, 580-630-1892, and that her carrier was U.S. Cellular. ECF No. 32-7. Defendants then issued a fifth subpoena to U.S. Cellular with the newly provided phone number (ECF No. 32-8), with U.S. Cellular responding that there was no account associated with that phone number for the relevant time period (ECF No. 32-9).

Counsel for Defendants informed Plaintiff's counsel of U.S. Cellular's response to the latest subpoena. ECF No. 32-10. In subsequent communications, Plaintiff's counsel informed counsel for Defendants that Plaintiff was going to a U.S. Cellular store location to secure her records in person. ECF No. 32-11. Plaintiff's counsel later informed counsel for Defendants that Plaintiff had obtained her records and that they would be produced by November 22, 2022. After the records were not produced by that date, Plaintiff's counsel stated that Plaintiff had obtained the records and had mailed the records to his office. ECF No. 32-12. On November 28, 2022, with the records still having not been produced to Defendants, counsel for Defendants informed Plaintiff's counsel that a motion with the Court would be filed if the records were not produced by December 2, 2022. ECF No. 32-13.

On December 6, 2022, Defendants filed the instant motion seeking sanctions against Plaintiff regarding her failure to provide the relevant cell phone records as compelled by the Court. Defendants move for an adverse inference jury instruction to be given at trial regarding Plaintiff's cell phone records

and that Defendants be awarded reasonable attorney's fees and costs in connection with this discovery dispute.

## II. DISCUSSION

Defendants seek to have the Court impose sanctions on Plaintiff pursuant to Federal Rule of Civil Procedure 37(b)(2). ECF No. 33, p. 7-11. Defendants argue that Plaintiff has clearly failed to provide them with the requested production of information necessary to procure her cell phone records despite the Court's order compelling such production. Defendants contend that they have been prejudiced by the failure to produce the information because it is clearly relevant to their defense. Defendants further contend that Plaintiff's actions during this discovery matter clearly demonstrate bad faith and a deliberate attempt to not disclose the information necessary to obtain Plaintiff's cell phone records for the relevant period. Therefore, Defendants conclude that Plaintiff should be sanctioned with an adverse inference jury instruction regarding the spoliation of Plaintiff's cell phone record evidence and should be required to pay Defendants' attorney's fees and costs related to this discovery dispute.

In response, Plaintiff argues that any failure to produce the necessary information is because of a good faith mistake and that sanctions are completely unwarranted. ECF No. 34, p. 4-6. Plaintiff contends that the fact she has had numerous cell phone numbers in the years since the vehicle accident has contributed to the difficulty in remembering the correct cell phone number and cell phone carrier she used at the time. Plaintiff also contends that the complicated procedures of the cell phone carriers have been the largest impediment to producing her cell phone records. Plaintiff further contends that Defendants cannot demonstrate prejudice because there is no indication that the records are actually lost or not able to be obtained. Without knowing whether there has been a true spoliation regarding the phone records, Plaintiff concludes that a spoliation instruction or any other sanction would be wholly inappropriate.

Defendants argue in reply that Plaintiff's response has failed to refute that she failed to comply with the Court's order compelling production of the information regarding her cell phone records. ECF No. 37. Defendants emphasize that Plaintiff does not dispute that she has provided several batches of incorrect phone numbers and phone carriers to Defendants with the assurance that each was indeed the

4

information sought and ordered to be produced by the Court. Defendants also note that Plaintiff revealed a previously undisclosed phone carrier in her December 13, 2022 deposition.[1] Defendants further note that this carrier, Cricket, is apparently the only carrier she has used since August 2018 and that her phone number at the time was 580-224-1395, which she had previously stated was associated with U.S. Cellular. Defendants contend that Plaintiff still uses that number and that carrier to this day. Thus, Defendants assert that it is inconceivable that Plaintiff did not know her cell phone number and phone carrier at the time of the accident. Coupled with the various communications with Plaintiff's counsel and the positive assurances regarding the accuracy of the incorrect information provided, Defendants argue that this is a clear indication of intentional withholding by Plaintiff. Defendants also emphasize that the records have yet to be produced. Therefore, Defendants conclude that they have illustrated Plaintiff has engaged in a bad faith withholding of relevant information compelled by the Court to be produced and that Defendants have been prejudiced by that failure to comply with the Court's order.

In her sur-reply, Plaintiff argues that she has now fully complied with the Court's order to provide Defendants with the information necessary to obtain her cell phone records. ECF No. 43. Plaintiff contends she was honestly mistaken regarding which carrier she used at the time of the incident. Plaintiff further contends that once she discovered the correct carrier she subpoenaed her cell phone records and has now provided Defendants with those records. Plaintiff asserts that this puts her in compliance with the Court's prior order compelling her to provide such information. Plaintiff also contends that Defendants' assertion of bad faith is unfounded because Plaintiff previously provided her correct cell phone number, 580-224-1395, but was simply incorrect as to which carrier she used. Plaintiff further contends that there is no prejudice or potential spoliation of evidence now that Defendants have Plaintiff's cell phone records. Thus, Plaintiff concludes that she has fully complied with the Court's discovery order and no sanctions are warranted.

---

[1] The transcript of the relevant portion of Plaintiff's deposition was filed as a supplement to Defendants' reply. ECF No. 38.

5

If a party fails to comply with an order to provide discovery pursuant to Rule 37, a court may "issue further just orders." Fed. R. Civ. P. 37(b)(2). Rule 37(b) "authorizes the district court to impose sanctions upon parties who fail to comply with discovery orders, allowing the court 'to treat such failure as contempt of court, to require the payment of reasonable attorney fees, to stay proceedings until the order is obeyed, to require admissions, to allow designated evidence without further dispute, to strike pleadings and to enter a dismissal or judgment by default.'" *Gleghorn v. Melton*, 195 Fed. App'x 535, 537 (8th Cir. 2006) (quotation omitted). "In order to impose sanctions under Rule 37, there must be an order compelling discovery, a willful violation of that order, and prejudice to the other party." *Chrystler Corp. v. Carey*, 186 F.3d 1016, 1019 (8th Cir. 1999). "A district court has wide latitude in imposing sanctions for failure to comply with discovery[.]" *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994). However, a district court's "discretion to fashion a remedy or sanction for discovery violations under Rule 37 . . . narrows as the severity of the sanction or remedy it elects increases." *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 704 (8th Cir. 2018) (quotation omitted). Rule 37(b) requires "that the sanction be just and that it be specifically related to the claim at issue in the discovery order." *Gleghorn*, 195 Fed. App'x at 537. "Instead of or in addition to [sanctions permitted by Rule 37(b)(2)(a)], the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added).

The Court finds that Plaintiff clearly failed to comply with the Court's prior order compelling discovery. That order compelled Plaintiff to provide Defendants with her cell phone number at the time of the underlying incident within ten days of the date of the order. ECF No. 29, p. 3. Plaintiff's arguments in response to the instant motion do not contend that she provided the correct number and corresponding phone carrier to Defendants before that deadline. Rather, the record indicates that Plaintiff continued to provide Defendants with erroneous combinations of phone numbers and phone carriers until Plaintiff's deposition on December 13, 2022. Defendants note, and Plaintiff did not dispute in her sur-reply, that her phone number and phone carrier at the time of the incident are the same number and carrier that she

6

currently uses. Thus, the Court views the record as demonstrating that Plaintiff undeniably failed to provide this relevant discovery in adherence to the Court's order even though it was known to her during the entirety of this action. As a result of this failure, Defendants undertook submitting multiple subpoenas at the direction of Plaintiff and reasonably deemed it necessary to file the instant motion for sanctions after those subpoenas revealed the falsity of the information provided. Therefore, the Court finds that the clear failure to comply with the order compelling discovery also prejudiced Defendants through the wholly unnecessary waste of time and resources expended in chasing information that Plaintiff apparently could have simply shared with them.

     The Court similarly finds that the record indicates Plaintiff's failure was willful. Plaintiff was compelled to produce information clearly known to her and she actively determined not to produce that information within the timeframe set by the Court. Again, Plaintiff does not dispute Defendants' assertion that she has maintained the same cell phone number and phone carrier from the December 2018 incident to the present. Thus, it is concerning that this information was not conveyed to Defendants once this Court deemed it relevant and discoverable in this matter. ECF No. 23, p. 3-4. It is also worrisome that Plaintiff did not bother to reveal this reality until her sworn deposition. Plaintiff's dismissive arguments as to the delay resulting from an unfortunate mistake are not persuasive. Plaintiff's argument that this is only the result of a mix-up regarding carriers and that she did initially provide the correct number might have been compelling if Plaintiff had not first provided Defendants with an incorrect phone number[2] and provided two additional incorrect numbers[3] afterwards. Plaintiff also never addresses the communications with Defendants after this Court's order (ECF No. 29) in which Plaintiff's counsel asserted that Plaintiff had secured her records from U.S. Cellular and was awaiting those records in the mail. ECF No. 32-12. This is particularly troublesome considering that Plaintiff both positively asserted that she had obtained the records and that the records were from U.S. Cellular, while the record indicates that neither could be true.

---

[2] This first phone number was 580-798-8717 and stated to be associated with U.S. Cellular. ECF No. 28-5.
[3] The third number provided by Plaintiff was 580-229-1392 and stated to be associated with U.S. Cellular (ECF No. 28-11), and the fourth number provided was 580-630-1892 and stated to be associated with U.S. Cellular (ECF No. 32-7).

In sum, the record provides ample support for a finding that Plaintiff's failure was willful and Plaintiff has provided no compelling explanation as to why that failure is excusable.

The Court has found that Plaintiff violated the Court's prior Rule 37 order compelling discovery, that the failure was willful, and that Defendants have been prejudiced through completely unnecessary utilization of time and resources attempting to obtain the information. Therefore, sanctions pursuant to Rule 37(b)(2) are appropriate. *See Chrystler Corp.,* 186 F.3d 1019. However, Plaintiff stated in her sur-reply that she finally provided Defendants with her phone records. Defendants have not disputed that assertion. Thus, the Court finds that the adverse inference jury instruction requested by Defendants regarding spoliation of Plaintiff's cell phone records is not applicable or appropriate.

Instead, as demanded by Rule 37(b)(2)(C), the Court will order Plaintiff to pay reasonable attorney's fees and costs incurred by Defendants. The costs and fees will include those related to Defendants' second motion to compel (ECF No. 28), the instant motion for sanctions (ECF No. 32), and any subpoenas Defendants issued to cell phone carriers based on incorrect information Plaintiff provided. The Court finds that the inclusion of costs and fees Defendants incurred prior to its order compelling production is appropriate because they resulted from Plaintiff's initial failure to disclose her cell phone records. Plaintiff previously asserted to the Court that Defendants' initial motion to compel was unnecessary because she would authorize the release of her phone records. ECF No. 21, p. 3-4. Taking that assurance to be earnest, the Court found that aspect of Defendants' motion to be moot. However, Plaintiff never provided the authorization to Defendants. Rather, Plaintiff proceeded to provide numerous erroneous phone number and phone carrier combinations despite Plaintiff currently having the same number and carrier as she did at the time of the incident. This initial willful failure to follow through on assurances made to the Court precipitated numerous subpoenas Defendants sent to phone carriers, Defendants' second motion to compel, and the instant motion for sanctions. Therefore, the Court finds that the inclusion of those fees and costs in this sanction is just and appropriately related to Plaintiff's successive failures to provide her correct cell phone information at the time of the accident. *See Gleghorn*, 195 Fed. App'x at 537.

## III. CONCLUSION

For the reasons stated above, the Court finds that Defendants' Motion for Sanctions (ECF No. 32) should be and hereby is **GRANTED IN PART** and **DENIED IN PART**. The Court does not grant Defendants' request for an adverse inference jury instruction. The Court does grant Defendants' request for reasonable attorney's costs and fees. In order to obtain approval for an amount of reasonable attorney's costs and fees, Defendants shall submit an affidavit within forty-five (45) days of the date of this order detailing their costs and fees incurred regarding the matters detailed by the Court above.

**IT IS SO ORDERED**, this 10th day of April, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge