IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MELISSA EDWARDS                                                                                          PLAINTIFF

v.                                            Case No. 4:21-cv-4085

AHMAD JABER; F&T TRANSPORT CORP.;
MNN DEVELOPMENT, INC.; and
GEORGE TBR, INC.                                                                                       DEFENDANTS

## ORDER

Before the Court is Plaintiff's Motion in Opposition to Excessive Attorney's Fees and Costs. ECF No. 50. Defendants have filed a Response in Opposition. ECF No. 51. The Court finds the matter ripe for consideration.

### I. BACKGROUND

On July 7, 2022, Defendants filed their initial motion to compel, arguing that Plaintiff failed to sufficiently comply with appropriate interrogatories and requests for production of documents. ECF No. 19. The Court denied the initial motion to compel as moot because Plaintiff stated that she would permit Defendants to have her cell phone records and no order to compel production seemed necessary. ECF No. 23. On October 12, 2022, Defendants filed a Second Motion to Compel Discovery. ECF No. 28. The Court granted this motion and ordered that Plaintiff provide Defendants with the information necessary for them to obtain Plaintiff's cell phone records. By December 2, 2022, the necessary information had not been produced.

On December 6, 2022, Defendants filed a Motion for Sanctions regarding Plaintiff's failure to provide the relevant cell phone records as ordered by the Court. The motion requested attorney's fees for the time spent on the motions to compel and for issuing subpoenas to cell phone carriers. ECF No. 32. The Court granted the motion in part, stating that Plaintiff would

owe certain attorney's fees pursuant to Federal Rule of Civil Procedure 37(a)(5)(A). ECF No. 46. The Court also ordered Defendants to submit an affidavit detailing those fees. Defendants filed the requested affidavit on May 24, 2023. ECF No. 49. As requested, the affidavit contained the asserted attorney's fees incurred by Defendants in the course of filing the Second Motion to Compel, the subsequent Motion for Sanctions, and five subpoenas issued based on incorrect information provided by Plaintiff. The affidavit covered Defendants' counsel Taylor N. Williams' billable hours from August 2022 until April 2023.

Plaintiff responded to Defendants' affidavit by filing the instant Motion in Opposition to Excessive Attorney's Fees and Costs. ECF No. 50. In the motion, Plaintiff requests that the Court reduce the requested fee amount for two reasons: (1) that Defendant has submitted unreasonable and excessive hours; and (2) the requested fee award would result in significant financial hardship to Plaintiff. *Id.* at 1-2. Plaintiff asks the Court to reduce Defendant's billable hours to 20 and award $2,700 for the work done on the motion to compel. *Id.* Defendants responded in opposition, arguing that Plaintiff's motion should be rejected entirely. ECF No. 51.

## II. DISCUSSION

Defendants seek a total of $5,575.50 in attorney's fees purportedly incurred in preparing the second motion to compel (ECF No. 28), the motion for sanctions (ECF No. 32), and five subpoenas Defendants issued to cell phone carriers based on incorrect information Plaintiff provided. Defendants state that one attorney worked on these tasks, performing 41.3 hours of work at an hourly rate of $135/hour. Plaintiff argues in response that the number of hours Defendant purports to have spent preparing the motions are excessive and unreasonable. Instead, Plaintiff requests fees for 20 hours at a rate of $135/hour.

"The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate."[1] *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002) (citation omitted). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The fee applicant must also make a "good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary[.]" *Id*. at 434.

When calculating the lodestar, a district court need not accept counsel's submission of hours as conclusive but should exclude from that total those hours that were not reasonably expended on the litigation. *See id*. at 433-34. After determining the lodestar amount, the Court must then "consider whether other factors not considered in arriving at the lodestar amount suggest upward or downward adjustment to arrive at the appropriate fee award." *Reeder-Simco GMC, Inc. v. Volvo GM Heavy Truck Corp.*, No. 2:00-cv-2031-RTD, 2006 WL 1445719, at *1 (W.D. Ark. May 22, 2006) (citing *Hensley*, 461 U.S. at 434).

Defendants have submitted an affidavit containing an itemized billing statement, stating that their counsel worked 41.3 billable hours for a total of $5,575.50. These hours range from August 2022 until April 2023 concerning the second motion to compel, the motion for sanctions, and the subpoenas issued to carriers. Plaintiff responded that these hours are excessive and unreasonable, but focuses only on the work done on the motion to compel. Plaintiff also does not

---

[1] Courts making a lodestar determination are required to consider twelve factors: (1) time and labor required; (2) novelty and difficulty of the questions; (3) skill requisite to perform the legal service properly; (4) preclusion of other employment, due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983) (citation omitted).

mention what specific billable hours they take issue with. Plaintiff only asserts that some hours were spent on non-legal tasks and that some hours are inflated or unnecessary.

The Court's order granting Defendant's motion for sanctions specified that fees related to the second motion to compel, the motion for sanctions, and the subpoenas issued to cell phone carriers based on incorrect information Plaintiff provided were appropriate. ECF No. 46 at 8. The Court has thoroughly reviewed the billing statement submitted by Defendants and finds that three of the billed entries are either excessive, redundant, or unnecessary.

In entry No. 1. Defendants' counsel bills 0.2 hours for emailing Plaintiff's counsel concerning cell phone authorization in response to their first motion to compel. This entry does not relate to the motions or subpoenas the Court specified. Accordingly, the Court will remove this entry. In entry No. 53, Defendants' counsel bills 0.5 hours for communications unrelated to the above-mentioned orders as well as an email regarding one of the five subpoenas. The Court does not believe that counsel was emailing about the subpoena for all 0.5 billable hours. Accordingly, the Court will reduce this entry to 0.2 hours to be consistent with similar entries related to correspondence between Plaintiff's and Defendants' counsels. In entry No. 60. Defendants' counsel bills 1.5 hours for time spent reviewing cell phone records from the day of the accident. This entry does not relate to effort or time expended for the motions or subpoenas the Court specified. Accordingly, this entry will be removed.

Removing or reducing the above-mentioned entries brings the total number of billable hours worked to 39.3. As Plaintiff has not argued what specific entries she takes issue with, this is the extent of the entries that the Court finds excessive. Plaintiff also has not contested the requested hourly rate of $135/hour, and the Court finds this rate to be reasonable. After considering the twelve *Hensley* factors and the circumstances of the case, the Court calculates

the lodestar as follows: the reasonable hours expended of 39.3, by the reasonable hourly rate of $135/hour, resulting in $5,305.50 in reasonable attorney's fees.

Plaintiff's argument that the fee calculation should be reduced because of financial hardship is not persuasive. The amount of attorney's fees is calculated using the well-established lodestar method. Plaintiff provides little elaboration on why this amount is unjustifiably burdensome and cites no legal authority to support her contention. Accordingly, the Court finds no reason to reduce the award to Plaintiff's requested amount of 20 hours and $2,700.

The Court further finds that no factors warrant an upward or downward adjustment of the lodestar calculation. Accordingly, the Court finds that Defendants are entitled to recover reasonable attorney's fees in the amount of $5,305.50 related to the preparation and filing of the second motion to compel, the motion for sanctions, and the subpoenas Defendants issued to cell phone carriers based on incorrect information Plaintiff provided.

### III. CONCLUSION

For the reasons stated above, Plaintiff's Motion in Opposition to Excessive Attorney's Fees and Costs (ECF No. 50) is hereby **GRANTED IN PART** and **DENIED IN PART**. The amount of reasonable billable hours is reduced from 41.3 hours to 39.3 hours and the amount of attorney's fees is reduced from $5,575.50 to $5,305.50. Accordingly, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), Defendants are hereby awarded $5,305.50 in attorney's fees.

**IT IS SO ORDERED**, this 21st day of June, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge